UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANDERSEN,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY A. THOMPSON, et al.,<br><br>Defendants. | Case No. 21-cv-08244-YGR (DMR)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO ISSUE A SUBPOENA**<br><br>Re: Dkt. No. 9 |

This matter has been referred to the undersigned for resolution of Plaintiff Barbara Andersen's motion for leave to issue a subpoena and motion for "a shortened motion date." [Docket Nos. 9, 11, 16.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion for leave to issue a subpoena is denied without prejudice. The motion for a shortened motion date is denied as moot.

**I.     DISCUSSION**

Plaintiff filed the complaint against Defendants Gregory A. Thompson and Google LLC on October 22, 2021 alleging claims for violation of the Copyright Act, invasion of privacy, intentional infliction of emotional distress, and defamation. Defendant Thompson has not yet been served and has not appeared in this action. [*See* Docket No. 15.]

Plaintiff contends that Thompson "is avoiding this litigation" and "avoiding service of the complaint." [Docket No. 9 (Mot. for Subpoena) ¶ 3.] Plaintiff filed a motion in which she asks for leave to conduct early discovery through issuance of a subpoena to third party Verizon for information related to Thompson's phone number. She asserts on information and belief that "Thompson is living with a girlfriend . . . at an unknown address in Ohio" and seeks "to secure the phone/text records for a time period that this Court considers appropriate so that Andersen can

locate the current address of Thompson and his girlfriend." *Id.* at ¶¶ 7, 9.

Pursuant to Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless authorized by court order. Courts within the Ninth Circuit generally "use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (collecting cases).

Plaintiff has not shown good cause for early discovery based on the current record. As an initial matter, Plaintiff's motion contains a number of factual assertions but does not comply with Local Rule 7-5(a), which provides that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record," and that "evidentiary matters must be appropriately authenticated by an affidavit or declaration." Therefore, the court is unable to evaluate the sufficiency of the steps Plaintiff has taken to locate Thompson to date, which appear to be limited to an unsuccessful skip trace and request for information from YouTube. Mot. for Subpoena ¶¶ 7, 8. *See, e.g., LawRank LLC v. LawRankSEO.com*, No. 21-cv-04515-HSG, 2021 WL 4461592, at *2 (N.D. Cal. Sept. 29, 2021) (finding plaintiff had not shown good cause for early discovery to locate and serve defendant where it "only explain[ed] at a high level what steps it took to locate and identify Defendant"; noting that "some persistence and creativity may be required to effect personal service here" and that "it is routine to retain private investigators to locate and serve parties" (citation omitted)). Moreover, Plaintiff offers no explanation of why the proposed discovery is reasonably likely to lead to information that will permit service of the summons and complaint on Thompson. Accordingly, the motion for leave to issue a subpoena before the Rule 26(f) conference is denied without prejudice. The motion for "a shortened motion date" is denied as moot. Any future motion for leave to conduct early discovery must demonstrate good cause supporting the request.

II.  **CONCLUSION**

Plaintiff's motion for leave to issue a subpoena is denied without prejudice. The motion

for "a shortened motion date" is denied as moot.

**IT IS SO ORDERED.**

Dated: December 22, 2021



Donna M. Ryu
United States Magistrate Judge

3